**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VALENTAINI MATAELE, | ) | No. C 01-3975 PJH (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS |
| vs. | ) ) | CORPUS |
| CLAUDE E. FINN, Warden, | ) ) | |
| Respondent. | ) ) | |

  This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254.  The court ordered respondent to show cause why the writ should not be granted.  Respondent filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court; petitioner responded with a traverse.  The parties have also filed supplemental briefs at the request of the court.  The matter is submitted.

**BACKGROUND**

  A San Mateo County jury found petitioner guilty of inflicting corporal injury on a spouse, co-habitant or parent of one's child, see Cal. Penal Code § 273.5(a); two counts of assault with force likely to produce great bodily injury, see Cal. Penal Code § 245(a)(1); forcible dissuasion of a witness, see Cal. Penal Code § 136.1(c)(1); and misdemeanor battery on a spouse, cohabitant, or parent of one's child, see Cal. Penal Code § 243(e).  Ex. A (opinion of court of appeal) at 2-3.[1]  The jury found to be true

---

[1] Unless otherwise indicated, all citations to "ex." are to the exhibits lodged with the court by the Attorney General.

allegations that he had suffered prior convictions and prison terms. Id. at 3. With enhancements, he was sentenced to prison for twenty-nine years. Id. The judgment was affirmed by the California Court of Appeal and the California Supreme Court denied review.

As grounds for habeas relief petitioner asserts that: (1) Admission of prior uncharged acts and prior convictions under Cal. Evid. Code § 1109 violated his rights to due process and equal protection; (2) his counsel was ineffective in not raising equal protection in his challenge to § 1109; (3) admission of his prior convictions prevented him from receiving a fair trial; (4) the trial court's use in its written jury instructions of the unrevised version of CALJIC 2.50.02, which allowed the jury to find by a preponderance of the evidence that he had previously committed domestic violence crimes and from that infer that he "did" commit the charged offense, violated due process; and (5) use of CALJIC 17.41.1, an "anti-nullification" instruction, violated the jurors' First Amendment rights and his right to due process and trial by jury.

Petitioner does not dispute the following facts, which are summarized from the opinion of the California Court of Appeal.

> Appellant was convicted of abusing Merle Finau, his girlfriend and the mother of their child. On the night of March 25, 1999, Finau and [petitioner] were at [petitioner]'s home when [petitioner] accused Finau of having a boyfriend. Finau denied the accusation, but [petitioner] became angry. He punched Finau in the face and choked her. While choking Finau, [petitioner] threatened to kill her if she made a sound.
> Finau sustained bruises on her face and back, and [petitioner] did not want her family to see her injuries. Accordingly, [petitioner] and Finau drove to Los Angeles and went to a relative's house. [Petitioner] told Finau she could call her family, but that if she told them about her injuries, he would kill her.
> Finau ignored the threat and called her mother while petitioner was asleep and told her what had happened. The authorities were notified and several police officers were sent to the house where petitioner and Finau were staying. Appellant saw the officers and barricaded himself inside. The stand-off ended five hours later when appellant surrendered. The officers found Finau cowering inside a closet. She was crying and shaking. Her face was bruised and her eyes were puffy.
> After first blaming her injuries on an unknown woman, Finau admitted that [petitioner] had hit her. Finau also said that appellant had abused her

2

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

before when she was pregnant. On that occasion, appellant hit Finau twice in the face with his fist. As a result, Finau sustained numerous bruises.

Ex. A at 1-3.

## DISCUSSION

I.  Standard of review

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams (Terry), 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. See id. at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." Miller-El, 123 S.Ct. at 1041. This presumption is

1   not altered by the fact that the finding was made by a state court of appeals, rather than
2   by a state trial court.  Sumner v. Mata, 449 U.S. 539, 546-47 (1981); Bragg v. Galaza,
3   242 F.3d 1082, 1087 (9th Cir.), amended, 253 F.3d 1150 (9th Cir. 2001).  A petitioner
4   must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of
5   correctness; conclusory assertions will not do.  Id.

6   Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual
7   determination will not be overturned on factual grounds unless objectively unreasonable
8   in light of the evidence presented in the state-court proceeding."  Miller-El, 123 S.Ct. at
9   1041; see also Torres v. Prunty, 223 F.3d 1103, 1107 (9th Cir. 2000).

10  When there is no reasoned opinion from the highest state court to consider the
11  petitioner's claims, the court looks to the last reasoned opinion, in this case that of the
12  California Court of Appeal.  See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991);
13  Shackleford v. Hubbard, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

14  II.    Issues Presented

15      A.    Evidence code section 1109

16  Petitioner contends that his equal protection and due process rights were
17  violated when the trial court admitted evidence of a prior incident in which he abused his
18  girlfriend, who was the victim in this case, and evidence of five other instances in which
19  petitioner had abused his wife.

20  The evidence was admitted under section 1109 and section 1101(b) of the
21  California Evidence Code.  The pertinent part of section 1109 states:  "Except as
22  provided in [subdivisions not applicable here], in a criminal action in which the
23  defendant is accused of an offense involving domestic violence, evidence of the
24  defendant's commission of other domestic violence is not made inadmissable by
25  section 1101 if the evidence is not inadmissable pursuant to section 352."  Id.  Section
26  1101(a) of the California Evidence Code provides that evidence of a person's character

27
28                                              4

or of a trait of that person's character is not admissible to prove his or her conduct on a specified occasion. Section 352 of the California Evidence Code provides that evidence should not be admitted if the prejudicial effect of the evidence substantially outweighs its probative value. The effect of section 1109, then, is to override the general provision of section 1101(a) excluding character or propensity evidence, subject to the general balancing provision of section 352.

Section 1101(b), the other section of the evidence code under which the evidence of prior domestic abuse was admitted, provides, in part, "Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . .) other than his or her disposition to commit such an act." Cal. Evid. Code § 1101(b).

Petitioner contends that admission of the propensity evidence violated his due process rights, and that because such evidence is not admissible in cases involving most other crimes, violated his equal protection rights.

The court of appeal rejected the due process claim on grounds that (1) any error in admitting the evidence under section 1109 was harmless because it was also admitted under section 1101(b) of the California Evidence Code and petitioner did not challenge that ground for admission; and (2) the California Supreme Court had rejected the same claim in another case. Ex. A at 4-5. The court of appeal rejected the equal protection claim because (1) error was not preserved; (2) admission under section 1101(b) made any violation harmless; and (3) defendants charged with domestic violence offenses are not similarly-situated to those charged with other crimes. Id.

Respondent contends that these claims are procedurally defaulted and that they have no merit.

1. Procedural default

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgement. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). The procedural default rule is a specific instance of the more general "adequate and independent state grounds" doctrine. Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or if he can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. In order to establish that a fundamental miscarriage of justice would result from an application of procedural default a petitioner has to prove factual innocence. Gandarela v. Johnson, 275 F.3d 744, 749-50 (9th Cir. 2002); Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

The state bears the burden of proving the adequacy of a state procedural bar. Bennett v. Mueller, 296 F.3d 752, 763 (9th Cir. 2002). "Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's." Id. at 762.

        a.    Due process claim

The court of appeal based its rejection of this claim on harmless error and a controlling decision by the California Supreme Court. There was no invocation of a procedural bar, so no procedural default.

### b. Equal protection

The court of appeal rejected the equal protection claim for three reasons, one of which was that petitioner failed to object on equal protection grounds in the trial court. That California's contemporaneous objection rule operates as a procedural bar has been recognized by Ninth Circuit. Davis v. Woodford, 384 F.3d 628, 653-54 (9th Cir. 2004); Vansickel v. White, 166 F.3d 953, 957-58 (9th Cir. 1999).

The respondent has adequately pled the existence of an independent and adequate procedural bar. Under Bennett this shifts the burden to the petitioner. See 296 F.3d at 762. He has, however, not demonstrated the inadequacy of the state procedure to serve as a bar, for instance by providing citations showing inconsistent application. The claim is procedurally defaulted.

Petitioner having made no attempt to show cause and prejudice for the default, or to show that failure to consider the claim will result in a fundamental miscarriage of justice, the court concludes that the equal protection claim is barred by the procedural default. However, the court will also consider the merits of the claim below, as an alternative ground for the result.

### 2. Merits

### a. Due process

Petitioner asserts that admission of evidence of the prior domestic abuse offenses violated his due process rights. Section 1109 resembles Rule 413 of the Federal Rules of Evidence, which allows admission of evidence of previous sexual assaults, and Rule 414, which allows admission of evidence of prior child molestations. The Ninth Circuit has rejected a due process challenge to Rule 414. United Sates v. LeMay, 260 F.3d 1018, 1026 (9th Cir. 2001). The court concluded that admission of such evidence is not fundamentally unfair. Id. at 1016-27. The court held that admission of relevant evidence whose prejudicial effect does not outweigh its probative value

1  cannot violate due process. Id. at 1026. As a result, admission of evidence pursuant to
2  Rule 414 cannot violate due process; Rule 403, which requires the court to exclude
3  evidence whose prejudicial effect exceeds its probative value, prevents such
4  fundamental unfairness. Id. at 1026-27.

5  California has a similar rule requiring exclusion of evidence whose probative
6  value is outweighed by its potential for prejudice. See Cal. Evid. Code § 352.
7  Therefore, the rationale of LeMay applies here, requiring the conclusion that admission
8  of the evidence under Rule 1109 of the California Evidence Code did not violate
9  petitioner's due process rights.

10  In addition, even if it is assumed that application of the rule violated due process,
11  petitioner would not be entitled to relief because the United States Supreme Court has
12  never held that admission of propensity evidence is fundamentally unfair. The Supreme
13  Court has specifically left open the question of whether admission of propensity
14  evidence violates due process. Estelle v. McGuire, 502 U.S. 62, 75 n. 5 (1991). There
15  thus is no "clearly established Federal law, as determined by the Supreme Court of the
16  United States," 28 U.S.C. § 2254(d), which could have been violated by admission of
17  the prior crime evidence, and thus it is impossible for petitioner to show that the state
18  appellate courts' rejection of his constitutional claim regarding admission of the
19  evidence "was contrary to, or involved an unreasonable application of, clearly
20  established Federal law, as determined by the Supreme Court of the United States." Id.

21  For these reasons, petitioner's contention that he is entitled to habeas relief
22  because admission of evidence under Rule 1109 violated his due process rights is
23  without merit.

### b. Equal protection

25  Petitioner also contends that his equal protection rights were violated by
26  admission of the evidence of prior misconduct. The California Court of Appeal denied

1  this claim on three grounds: (1) failure to object in the trial court, as discussed in the
2  procedural default section above; (2) harmless error, because petitioner conceded on
3  appeal that the evidence was properly admitted under another section, 1101(b); and (3)
4  lack of merit.

5        This court has found that this claim was procedurally defaulted. In addition, the
6  court of appeal is correct that any error in use of section 1109 was harmless because
7  the trial court also based the admission of the evidence on section 1101(b), which
8  provides for admission of evidence of prior crimes or prior bad acts when relevant to
9  prove a fact, "such as motive, opportunity, intent, preparation, plan, knowledge, identity,
10 absence of mistake or accident . . . ," other than propensity. Cal. Evid. Code § 1101(b).
11 Section 1101(b) does not treat defendants differently because of the crime with which
12 they are charged, and petitioner does not contend it does. As a result, any equal
13 protection violation in the application of section 1109 was harmless.

14       Finally, the court agrees with the California Court of Appeal that section 1109
15 does not violate equal protection when it treats defendants who are charged with
16 domestic abuse differently than most other defendants. "The general rule is that
17 legislation is presumed to be valid and will be sustained if the classification drawn by
18 the statute is rationally related to a legitimate state interest." City of Cleburne v.
19 Cleburne Living Center, 473 U.S. 432, 440 (1985). This rule only gives way "when a
20 statute classifies by race, alienage, or national origin," or impinges on fundamental
21 rights guaranteed by the Constitution. Id. Those accused of domestic violence are not,
22 of course, a protected class. Instead, petitioner contends that section 1109 impinges
23 on a fundamental right. As discussed in the due process section above, federal courts
24 have held that similar federal rules of evidence do not impinge on a fundamental right.[2]

---

[2] The only case petitioner cites for his contention is People v. Olivas, 17 Cal. 3d 236 (1976), a state case which is not binding on this court.

As a result of there being neither a protected class nor a fundamental right involved here, the rational relationship standard applies.

In rational relationship review, the governmental action challenged must be upheld unless it bears no rational relationship to the government's goal. Id. at 440. Under such a lenient standard, it is clear that section 1109 is constitutional. As the court stated in People v. Jennings, the case that the court of appeal here adopted as controlling on the merits:

> Like ... sex crimes ... domestic violence is quintessentially a secretive offense, shrouded in private shame, embarrassment and ambivalence on the part of the victim, as well as intimacy with and intimidation by the perpetrator. The special relationship between victim and perpetrator in both domestic violence and sexual abuse cases, with their unusually private and intimate context, easily distinguishes these offences from the broad variety of criminal conduct in general. Although all criminal trials are credibility contests to some extent, this is unusually – even inevitably – so in domestic and sexual abuse cases, specially with respect to the issue of victim credibility. The Legislature could rationally distinguish between these two kinds of cases and all other criminal offenses in permitting the admissibility of previous like offenses in order to assist in more realistically adjudging the unavoidable credibility contest between accuser and accused. The facts that other crimes such as murder and mayhem may be more serious and that credibility contests are not confined to domestic violence cases do not demonstrate the absence of the required basis for the Legislature's distinction between these crimes.

81 Cal. App. 4th 1301, 1313 (2000).

This court agrees. There is a rational basis for the legislature's distinction between domestic abuse crimes and other crimes, and the court therefore finds that petitioner's equal protection rights were not violated. The state appellate courts' rejection of this claim on the merits was not contrary to, nor an unreasonable application of, clearly established United States Supreme Court authority.

For the above reasons, petitioner is not entitled to habeas relief on this ground.

B.    Ineffective assistance of counsel

Petitioner contends that he received ineffective assistance of counsel because his attorney failed to preserve error on the equal protection claim discussed above.

Because the court has concluded above that the equal protection claim was without merit, counsel's failure to raise it was not deficient. See Wilson v. Henry, 185 F.3d 986, 990 (9th Cir. 1999) (to show prejudice under Strickland from failure to file a motion, petitioner must show that (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to him); Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) (failure to take futile action can never be deficient performance).

### C. Admission of prior convictions

Petitioner's third claim is that admission of evidence of the prior domestic abuse incidents was an "abuse of discretion because petitioner's due process rights were violated." However, in his papers filed in the state courts and in his traverse petitioner frames this issue as being whether the trial court abused its discretion by not using section 352 of the California Evidence Code to screen out at least the most inflammatory offenses admitted under section 1109. Section 352 gives the court discretion to "exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create a substantial danger of undue prejudice, of confusing the issues, or misleading the jury." Cal. Evid. Code § 352.

To the extent the claim is a due process claim as set out in the petition, it is without merit because, as the court has determined above, petitioner's due process rights were not violated. To the extent the claim is that the trial court abused its discretion under state law (section 352), it presents no basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas relief unavailable for violations of state law or for alleged error in interpretation or application of state law).

### D. Use of both versions of CALJIC 2.50.02

Petitioner also claims that his due process rights were violated when the written instructions received by the jury contained the unrevised version of CALJIC 2.50.02. The written version given to the jury did not have the italicized sentences of the quote below.

> The revised version of the instruction reads:
>
> If you find the defendant committed a prior offense involving domestic violence, you may, [but] are not required to, infer that the defendant had a disposition to commit the same or similar types of offenses. [¶] If you find that the defendant had this disposition, you may, but are not required to infer that he was likely to commit and did commit the crime or crimes of which he is accused. [¶] *However, if you find by a preponderance of the evidence that the evidence that the defendant committed a prior crime or crimes involving domestic violence, that is not sufficient by itself, to prove beyond a reasonable doubt that he committed the charged offenses. The weight and significance, if any, are for you to decide.*

Ex. A at 8-9.

The judge read the revised version of the jury instructions quoted above to the jury, but for reasons left unexplained, the italicized paragraph was omitted in the written instructions.

Appellant contends that the writ must be granted because his due process rights were violated when the written instruction tendered to the jury failed to caution them that a finding of prior conduct to prove such propensity is insufficient standing alone to prove the defendant's commission of the charged offense or offenses beyond a reasonable doubt.

The court of appeal held that the pre-1999 version of the instruction does not violate due process because it is not reasonably likely that a jury would return a verdict based on the uncharged offenses alone, given the other references to reasonable doubt and the elements of the offense. Ex. A at 9-11. As a result, use of the pre-1999 written instruction did not violate petitioner's rights. Id. at 11.

After this case was fully briefed the Ninth Circuit decided Gibson v. Ortiz, 387

1   F.3d 812 (2004).  In that case the court held that a petitioner's due process rights were
2   violated when the trial court gave California uniform jury instructions 2.50.01 and 2.50.1.
3   Id. at 814.  The version of CALJIC 2.50.01 in effect at the time of the trial in Gibson (it
4   has since been revised) allowed a jury to consider evidence of prior uncharged sex
5   offenses and to infer the defendant's guilt of the current offense from the prior uncharged
6   offences.  Id. 817-18.  CALJIC 2.50.1 requires only a preponderance of the evidence to
7   prove the uncharged offenses.  Id.  Thus CALJIC 2.50.1 and 2.50.01 together allowed a
8   jury to find a defendant guilty without requiring proof beyond a reasonable doubt.  Id. at
9   822.  The Gibson court held that the state courts' rejection of this claim was contrary to
10  clearly established Supreme Court authority, and affirmed the grant of the writ.  Id. at
11  825.

12  Although CALJIC 2.50.02, the instruction at issue here, pertains to domestic
13  abuse offenses, rather than sexual abuse, it otherwise is identical to 2.50.01, both in its
14  pre-revision and in its post-revision versions.  The Attorney General concedes that the
15  differences between 2.50.02 and 2.50.01 do not require a different result here than in
16  Gibson, although he does contend that other differences require a different outcome.
17  Resp't Supplemental Brief at 2.

18  For one thing, in this case the trial court orally instructed with the revised version
19  of the instruction, containing the italicized words in the quotation on page twelve.  That
20  is, it contained this paragraph:  "However, if you find by a preponderance of the
21  evidence that the defendant committed a prior sexual offense, that is not sufficient by
22  itself to prove beyond a reasonable doubt that he committed the charged crimes.  The
23  weight and significant of the evidence, if any, are for you to decide."  Ex. A at 8-9.

24  The heart of the Gibson decision is the court's conclusion that the pre-revision
25  instructions given in that case provided "two routes of conviction, one by a
26  constitutionally sufficient standard and one by a constitutionally deficient one."  387 F.3d

at 823.  When it is impossible to know whether a jury used the impermissible legal theory or the one which meets constitutional requirements, the unconstitutionality of one of the routes requires that the conviction be set aside.  Id. at 825.  In the revised version of the instruction, however, the constitutionally-deficient route was blocked off:  The revised instruction tells the jury in unequivocal words that it cannot find petitioner guilty beyond a reasonable doubt just because it had found by a preponderance of the evidence that he committed prior bad acts.  Juries are presumed to follow their instructions, Weeks v. Angelone, 528 U.S. 225, 234 (2000), and following the revised instruction a jury cannot take the constitutionally-impermissible route to a guilty verdict.

Thus the court concludes that the revised version, as given orally, does not violate due process.  Then the question is whether petitioner's rights were violated when a constitutional verison was given orally and an unconstitutional verison given in writing.

The oral and written instructions, taken together, were ambiguous.  Therefore, petitioner must establish that there is a "reasonable likelihood" that the jury had applied the challenged instruction in a way that violates the Constitution.  Estelle v. McGuire, 502 U.S. 62, 72 (1991).  A defective instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole as well as the trial record.  Id.  It is not enough for the instructions to be merely erroneous, rather to merit habeas relief the instructions have to have infected the entire trial and violated a constitutional right.  Henderson v. Kibbe, 431 U.S. 145, 154 (1977).

As respondent points out, the jury was out only one hour and forty-five minutes, so it is unlikely the jurors consulted the written instructions.  In any event, it is most likely that if the jury considered the problem at all, it considered the instructions together.  Because the additional paragraph in the oral instruction did not contradict anything in the written instruction, the additional language – the language which renders the instruction constitutional – would be treated as applicable when considering the prior bad acts.

14

1  Also, the trial judge on numerous occasions orally admonished the jurors that the
2  defendant must be found to be guilty beyond a reasonable doubt of the current charges
3  in order to be convicted.  Ex. E at 198, 200 and 284; ex. F at 304 and 432-33.
4  　　　Petitioner has failed to establish that there was not a reasonable likelihood that
5  the jury applied the written instruction in a way that violated the Constitution. There was
6  no constitutional violation, so the state appellate courts' rejection of this claim was not
7  contrary to, or an unreasonable application of, clearly established Supreme Court
8  authority.
9  　　　E.　　Use of CALJIC 17.41.1
10  　　　Petitioner also claims that his constitutional rights were violated by the use of
11  CALJIC 17.41.1.  Because CALJIC 17.41.1, which instructs jurors to inform the court of
12  other jurors' misconduct, is not contrary to any existing Supreme Court precedent, the
13  use of it cannot be the basis for habeas relief.  Brewer v. Hall, 378 F.3d 952, 955-56
14  (9th Cir. 2004).  Accordingly, the state appellate courts' rejection of this claim was not
15  contrary to, nor an unreasonable application of, clearly established United States
16  Supreme Court authority.
17  //
18  //
19  //
20  //

15

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: September 29, 2005.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.01\MATAELE975.RUL2